IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHANNON CHADWICK, #115662, | ) ) ) |
| Plaintiff, | ) ) NO. 3:23-cv-00476 |
| v. | ) ) ) JUDGE RICHARDSON |
| DARRON HALL, *et al.*, | ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff Shannon Chadwick, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Defendants Darron Hall and Ms. f/n/u Tabor, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff subsequently filed a supplement to his complaint. (Doc. No. 3).

## I. SCREENING OF THE COMPLAINT

A. PLRA SCREENING STANDARD

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). But although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

The allegations of the complaint as supplemented are assumed true for purposes of the required PLRA screening. Those allegations include those summarized in the next three paragraphs herein.

Plaintiff, who is a Tennessee Department of Correction ("TDOC") inmate, has been incarcerated at the Davidson County Sheriff's Office since the revocation of his parole on February

19, 2023. According to the "DSCO handbook", inmates at the jail are entitled to eight days a month of good-time credit if they receive no write-ups, and he is not receiving these credits. (Doc. No. 3 at 1). Plaintiff also alleges that he does not earn "2-for-1" credits like other TDOC inmates at the jail "seem" to be earning. (Doc. No. 1 at 11).

Further, Plaintiff alleges that TDOC inmates held at a TDOC prison (as opposed to TDOC inmates such as Plaintiff who are housed in a county jail) are earn sentence credits by participating in a "local work program." (Doc. No. 3 at 2). Plaintiff believes that, had he received the credits to which he believes he is entitled, and the opportunities to earn other credits such as the work-program credits, he would already be eligible for release. (Doc. No. 3 at 2). However, his release date is January 2, 2024. (*Id*. at 1).

In addition, Plaintiff waited over five months to be accepted into an educational program at the jail. He is not receiving "program credits" and he "wants what he has coming." (*Id*. at 3).

D. ANALYSIS

The complaint asserts claims against two Defendants: Sheriff Darron Hall and Case Manager Ms. f/n/u Tabor. (Doc. No. 1 at 3). Both Defendants are sued in their official capacities only. (*Id.*)

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). According to the complaint, both Defendants are employees of the Davidson County Sheriff's Office. (Doc. No. 1 at 3). It appears, then, that Plaintiff seeks to hold the Metropolitan Government of Nashville and Davidson County ("Metro") liable for Defendants' actions.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the city, county, or its agent. *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). Municipalities are not subject to

liability for the deprivation of civil rights under the doctrine of respondeat superior. *See id.* at 691. Thus, for Metro to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official Metro policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, construed liberally, the complaint alleges that Metro has a policy or custom of giving some state inmates housed in the Davidson County Sheriff's Office "2-for-1", or good-time, credits but not others. The complaint also could be read to allege that TDOC inmates such as Plaintiff who are housed at the Davidson County Sheriff's Office instead of a state prison accrue good-time credits at a slower rate than TDOC inmates serving time at a TDOC facility, lack the opportunity to earn additional credits by participating in local work programs, and lack access to other benefits or programs that TDOC facilities offer.

It is well-settled, however, that "prisoners have no liberty interest in opportunities to *obtain* good-time credits." *Martin v. O'Brien*, 207 F. App'x 587, 589-90 (6th Cir. 2006) (emphasis added); *see Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit."). *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215, 229 n.8 (1976)) (holding that "[t]he loss of the opportunity

to earn good-time credits, which might lead to earlier parole," does not constitute a constitutionally cognizable liberty interest which triggers the protection of the Due Process Clause"). Consequently, the (alleged) fact that Plaintiff is not earning all the credits to which he is entitled does not give rise to a claim that his constitutional rights have been violated.[1] *See Anderson v. Rutherford Cnty. Jail*, No. 3:15-cv-01016, 2015 WL 72831165, at *4 (M.D. Tenn. Nov. 16, 2015) (finding that prisoner-plaintiff failed to state a claim for which relief may be granted under Section 1983 based on the contention that being housed at a county jail deprives him of the opportunity to earn good-time credits at a faster rate).

Regarding Plaintiff's allegation that he, as a state inmate serving his time at a county jail, lacks access to certain programs, the inability to participate in rehabilitative or educational programs does not violate the Eighth Amendment of the United States Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (explaining that "deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation [such as job and educational opportunities] violates the Constitution."); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Nor does this allegation state an equal-protection violation under the Fourteenth Amendment of the United States Constitution. *See Lyle v. Tenn. Dep't of Corr.*, No. 3:16-cv-01441, 2016 WL 3460256, at *3 (M.D. Tenn. June 24, 2016) (finding that prisoner's status as a convicted prisoner in a county jail with access to fewer rehabilitative programs than convicted prisoners in a state prison does not create a suspect class for equal-protection purposes). For these reasons, even if there is a Metro policy or custom restricting Plaintiff's access to certain educational

---

[1] Importantly, Plaintiff does not allege that Defendants have taken away credits he already has earned. *See Brooks v. Correctional Officer*, No. 22-2077-SHM-tmp, 2022 WL 4826325, at *9 (W.D. Tenn. Oct. 3, 2022) (differentiating Section 1983 claim that prisoner lost previously-earned good-time credits from a claim that prisoner has been deprived of the right to earn good-time credits in the future; noting that the former type of claim implicates federal due process rights while the latter claim is not cognizable under Section 1983).

or rehabilitative programs to which he might have been entitled if housed in a different facility, Plaintiff's claim still fails.

Moreover, insofar as Plaintiff seeks a court order awarding him good-time credits to which he believes he is entitled or early release from custody, he seeks relief that is not available under Section 1983. The United States Supreme Court has made it clear that a Section 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement, including deprivations of good-time credit, and that this can only be done using habeas corpus remedies. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Wolff v. McDonnell*, 418 U.S. 539 (1974). In summarizing this line of cases, the Supreme Court stated:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Consequently, Plaintiff may not seek restoration of good-time credits in this action or his release from custody.

Consequently, the Court finds that the complaint fails to state a municipal liability claim under Section 1983 against either of the Defendants in their official capacities, which are actually claims against Metro. Those claims will be dismissed.

### III. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state colorable claims under Section 1983 against the two named Defendants in their official capacities. Additionally, Plaintiff cannot obtain, via this Section 1983 action, any missing good-time credits to which he believes he is entitled. This action will be dismissed.

An appropriate Order will be entered.

                                                  */s/ Eli Richardson*
                                                  ELI RICHARDSON
                                                UNITED STATES DISTRICT JUDGE